UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Executrix Janice Walker**
*of the Estate of Alice Marie Karmeen,
Deceased, and as the Personal
Representative of Next of Kin*,

        *Plaintiff,*

v.         Case No. 3:23-cv-166
        Judge Thomas M. Rose

**Village Green Health Campus, et al.,**

        *Defendants.*

---

**ENTRY AND ORDER GRANTING MOTION TO DISMISS BY DEFENDANT UNITED STATES OF AMERICA FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, ECF 5, AND REMANDING TO STATE COURT.**

---

Pending before the Court is Motion to Dismiss by Defendant United States of America for Failure to Exhaust Administrative Remedies. (ECF 5.) The Government motion was filed June 26, 2023. The period for filing a response having lapsed, the motion is unopposed.

On January 30, 2023, Plaintiff sued Village Green Health Campus, Trilogy Healthcare of Greenville, LLC, Trilogy Healthcare Services, LLC, Meredith Britton, MSN, APRN-CNP and Family Health Services of Darke County Inc., in the Court of Common Pleas of Darke County, Ohio. (Complaint, ECF 2.) Britton was an employee of Family Health Services of Darke County,

Inc. (ECF 5-1, Exhibit A, Declaration of Meredith Torres, at 2, ¶6.) Under the Federally Supported Health Centers Assistance Act, the Department of Health and Human Services ("HHS") deemed Family Health Services of Darke County, Inc. to be a Public Health Service employer for purposes of 42 U.S.C. § 233. As a result, Britton was also deemed a Public Health Service employee. (Certification of Scope of Employment, ECF No. 1-4, Exhibit B, at PageID 29.)

On June 15, 2023, Defendants Family Health Services and Meredith Britton removed this lawsuit to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1442(a)(1). (Notice of Removal, ECF 1.) On June 26, 2023, the United States filed a Notice of Substitution, substituting itself as the party defendant in this matter in place of Family Health Services and Britton. (Notice of Substitution, ECF 4.)

The United States now moves to dismiss the Plaintiff's claims against the United States because the Plaintiff failed to exhaust administrative remedies with HHS relating to Plaintiff's claim, as required by 28 U.S.C. § 2675. (ECF 5.) The motion is **GRANTED** for the reasons stated in the Government's motion. (See ECF 5.)

Dismissal of the claims against the United States dissolves the sole basis for this Court's exercise of subject matter jurisdiction over the claims against the remaining defendants. Pursuant to 28 U.S.C. § 1367(a), when district courts in a civil action have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." At its discretion, a district court may exercise supplemental jurisdiction over state law claims where it has dismissed all claims that were the basis of its original jurisdiction. 28 U.S.C. § 1367(c)(3). "When district courts

dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss…all related state claims." *Artis v. Dist. of Columbia*, 583 U.S. 71, 74 (2018). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims under Ohio law. The Clerk is **ORDERED** to **REMAND** the instant case to the Clark County Court of Common Pleas.

  **DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 11, 2023.

                     s/Thomas M. Rose
                  _____
                     THOMAS M. ROSE
               UNITED STATES DISTRICT JUDGE